[No. 26335. Department One. February 24, 1937.]

Augusta Brown, *Appellant*, v. The Mutual Life Insurance Company of New York, *Respondent*.[1]

*Bausman, Oldham, Cohen & Jarvis* and *Simon Wampold, Jr.*, for appellant.

*Evans, McLaren & Littell*, for respondent.

Geraghty, J.—This action was brought by Augusta Brown, beneficiary in a life insurance policy issued by the defendant, The Mutual Life Insurance Company of New York, to Isaac Brown, the plaintiff's deceased husband. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

No statement of facts or bill of exceptions has been

[1]Reported in 65 P. (2d) 391.

filed in this court. Certain documents introduced at the trial as exhibits are referred to and incorporated in the findings of fact. These exhibits are here as a part of the transcript.

From the findings of fact and the embodied exhibits, it appears:

On August 16, 1920, Isaac Brown held a fully paid up life insurance policy for five thousand dollars, issued by respondent. On that day, he borrowed $3,116 from the respondent, the loan being evidenced by a note signed by the insured and secured by the assignment of the policy to the respondent. The note bore interest at the rate of six per cent per annum, and by its terms was to mature May 10, 1930, this being the anniversary date of the policy, which was issued May 10, 1892. The note contained the following provisions:

"If the interest on this loan is not paid when due it shall be added by the Company to the existing loan and interest so added shall bear interest at the same rate as the loan, and the Company may so extend this loan at its maturity or at the expiration of any extension or renewal of the loan, provided, however, that no such extension shall be made if the loan with added and accrued interest to the next following policy anniversary would exceed the cash surrender value that would be allowed by the Company for the surrender of the policy at such (next following) anniversary if the policy were then in force.

"If the cash surrender value that would be allowed by the Company at the next following anniversary of the policy (if the policy were then in force) is less than the amount of the loan with added and accrued interest to such next following anniversary, in case of failure to repay this loan with accrued interest on the date when due as herein provided, or at the expiration of any extension or renewal thereof, or in case of failure to pay the accrued interest on the due date of this loan,

or at the expiration of any extension or renewal thereof, if such failure to repay the loan or to pay such accrued interest shall continue for thirty-one days, the said policy shall immediately thereupon be deemed surrendered to the Company and thereby rendered null and void without any action on the part of the Company, and a sum equal to the customary cash consideration then allowed by the Company as the surrender value of policies issued upon like terms and conditions shall, at the end of said thirty-one days, immediately be deemed applied in repayment and satisfaction of said loan and interest, without any action on the part of the Company, and the remainder (if any) of said sum shall be paid by the Company to the parties entitled thereto whenever thereafter a demand accompanied by the policy is made by them at the Home Office of the Company.

''No notice or demand for the repayment of this loan or for payment of interest thereon when due as above specified or after any extension of the time for repayment of this loan or after any renewal of this loan, shall be required to be made or sent by the Company, the sending of such notice or demand being specifically waived by all parties hereto. If any notice or demand is sent it shall be deemed only an act of courtesy and shall not obligate the Company to send subsequent notices or demands, nor shall it be construed as affecting in any way the Company's rights to assert the automatic termination and avoidance of the said policy as herein provided.''

Interest on the note was paid by the insured on the due dates in the years 1930 and 1931.

Prior to May 10, 1932, respondent mailed a notice of the interest due on that date to the insured. He did not pay it, and the loan was automatically extended for another year and increased by the amount. After a like notice in 1933, the insured failed to pay the interest on the due date, and the respondent again increased the loan by the amount of the interest.

Prior to May 10, 1934, the respondent mailed a notice to the insured upon a form similar to that used in 1932 and 1933. The insured, as in those years, did not pay the interest. The respondent did not thereafter address any further communication or notice to the insured until August 10, 1934. On that date it sent him a letter stating:

"We have not received the loan int. due May 10, 1934, and the days of grace have expired.

"Reinstatement of the full benefits and protection afforded by your policy will be considered if you will fill out the enclosed application and return it to us with a remittance of $189.41.

"No examination is required and any disinterested party may witness your signature.

"We would like to place your policy in full force again. Won't you do this immediately?"

On May 10, 1934, the cash surrender value of the policy was $91.06 in excess of the indebtedness of the insured, including interest. This sum with $119.01 would have been sufficient to pay the interest on the loan to May 10, 1935. On May 10, 1934, the cash surrender value of the policy was $3,802.27. On that date, the total amount due on account of principal and interest on the loan was $3,711.21, leaving a cash surrender value sufficient to cover the principal amount of the loan and all interest then accrued and a balance of $91.06, an amount sufficient to cover interest on the loan to October 6, 1934.

After a critical illness lasting through the months of July and August, the insured died in Seattle on September 1, 1934. Upon his death, the respondent was notified of the fact, and appellant demanded a form for proof of death. The respondent refused to furnish the form, denied liability, and asserted that the policy had been cancelled on June 11, 1934, for non-payment of

interest; the respondent had not tendered or offered to return the $91.06 to the insured previous to his death.

■ Assuming, for the purpose of the case, that, under the terms of the note, respondent could have cancelled the policy at the expiration of the thirty-one days of grace, we are of the opinion that, by its course of dealing with the insured, it waived the right.

Upon the failure of the insured to pay the interest called for by the notices sent to him in the years 1932 and 1933, the respondent in each instance automatically extended the loan for another year without a request from the insured. He received a like notice in 1934, and, as in the preceding years, failed to make payment. The notice did not advise him of the cash surrender value remaining available for application upon the interest, but called for payment of the full amount of interest due. The insured had no information respecting the status of his insurance policy, and he might well have assumed that at this time, as on previous occasions, the cash surrender value of the policy was sufficient to carry the loan indebtedness.

The next advice he received was the letter of August 10, 1934, reciting that respondent had not received the loan interest due May 10, and that the days of grace had expired. The letter did state the amount of cash payment required to reinstate the loan. It did not notify the insured in terms that the policy had been cancelled. It is true the letter stated that a reinstatement of the full benefits and protection would be afforded if he would fill out an enclosed application and return it with the amount of money necessary. This was not a direct statement that the policy had been cancelled. The use of the word "reinstatement" under the circumstances was equivalent to saying that, if payment were made, the policy would remain in effect. No time was

fixed in the letter for a reply. It is to be assumed the insured had a reasonable time within which to make a remittance. Only twenty-one days elapsed between the receipt of this letter and his death.

The trial court concluded that the policy was cancelled on June 11th, at the expiration of the thirty-one days of grace. This conclusion was based on an inference from the provisions of the note rather than on any fact showing affirmative action by the respondent. There is only one circumstance in the record implying a formal cancellation. That is the endorsement of cancellation and payment made on the face of the note on October 5th and subsequently crossed out. This endorsement is significant, having been made the day preceding the one to which the $91.06, available on the cash surrender value of the policy, would have paid the interest as found by the court.

Owing to the absence of a statement of facts, the circumstances connected with the making of this endorsement and its subsequent cancellation are not disclosed; but such endorsement, as of the approximate date of the exhaustion of the cash surrender value, would be the obvious course to follow if respondent intended to waive the right of cancellation and carry the loan as long as the insured had a cash value to his credit. It is significant, too, that respondent did not return to the insured the balance that would have been due if the policy had been cancelled, nor was the note returned to him as paid.

Speaking of waiver of the provisions of an insurance policy, we said in *Reynolds v. Travelers Ins. Co.*, 176 Wash. 36, 46, 28 P. (2d) 310:

"The rule upon the subject [waiver] is that, if an insurance company, having knowledge of such facts as

vitiate the policy, nevertheless enters into negotiations or transactions by which it recognizes or treats the policy as still in force, or by its acts, declarations and dealings leads the insured to regard himself as being protected by the policy, or induces him to incur trouble or expense, such acts, transactions or declarations will operate as a waiver of the forfeiture and estop the insurer from relying thereon as a defense to an action on the policy. 5 Cooley's Briefs on Insurance, p. 4272; 7 Couch Cyc. of Insurance Law, § 1595, p. 5595 et seq.

"A provision for forfeiture is inserted in an insurance policy for the benefit of the insurer, and, like all such provisions, may be waived by the company. Such a provision is binding to the extent that the insured can not ignore it, nor can the courts grant relief against it, but the insurer may waive it, or, by its conduct, lose its right to enforce it. Thompson v. Knickerbocker Life Ins. Co., 104 U. S. 252, 26 L. Ed. 765."

The equivalent of cash in the hands of respondent was sufficient to carry his loan to October 6, 1934. Whatever may have been the respondent's rights under the provisions of the note, we must hold that they were waived, and that the policy was in effect on the date of the insured's death.

The judgment is reversed, and the cause remanded to the trial court with direction to enter judgment for the plaintiff for a sum equal to the difference between the face of the policy, with the additional insurance credited on account of dividends, as of September 1, 1934, and the amount due on the insured's note, including interest, to September 1st.

MAIN, MILLARD, and BLAKE, JJ., concur.

STEINERT, C. J. (dissenting)—According to the facts as outlined in the prevailing opinion, the policy provides that, if its cash surrender value at the next fol-

lowing anniversary be less than the amount of the loan with added and accrued interest to such next following anniversary and the insured fail to repay the loan and interest on the due date or to pay the accrued interest when due, and such failure continue for thirty-one days, "the said policy shall immediately thereupon be deemed *surrendered* to the Company and thereby rendered *null and void without any action on the part of the Company."* (Italics mine.) The policy further provides that no notice or demand for the repayment of the loan or payment of interest thereon when due shall be required to be made or sent by the company. These provisions, being parts of the contract of insurance between the parties, are binding upon them. When, therefore, the insured failed to repay the loan or to pay the accrued interest within the thirty-one-day period of grace after May 10, 1934, the policy became null and void without any further notice or action on the part of the company.

The letter of the company dated August 10, 1934, was by its terms merely an offer to *consider* reinstatement if application therefor were made, accompanied by a remittance of $189.41. It will also be noted that the letter asked that the insured take the necessary steps *immediately.* Twenty-one days elapsed, and the insured did nothing. His death at the expiration of that time, of course, precluded anything being done toward reinstating the policy, which then was, and continued to be, null and void.

Even if, as the prevailing opinion states, the insured might have assumed on May 10, 1934, that the cash surrender value was sufficient to carry the loan indebtedness, that assumption was dispelled by the company's letter of August 10, 1934, and there was no basis for a continued assumption by him after that time.

There is absolutely nothing, in my opinion, arising from the facts as stated which could be construed as a waiver by the company. The case of *Reynolds v. Travelers Ins. Co.*, 176 Wash. 36, 28 P. (2d) 310, cited in the prevailing opinion, and the quotation therefrom, do not support a claim or holding of waiver, because the company did not recognize or treat the policy as still in force, nor did it by its acts, declarations or dealings lead the insured to regard himself as being protected by the policy. The letter of August 10, 1934, explicitly advised the insured to the contrary and suggested to him the two conditions upon which the policy *might* be reinstated. Neither of the conditions was ever fulfilled or attempted to be fulfilled by the insured.

I dissent.

### ON REHEARING

[*En Banc.* July 14, 1937.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein.